IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN H. RHODES, JR. | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:08CV674-HSO-RHW |
| | § | |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY and J.W. WEBB | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT J.W. WEBB

This cause comes before the Court upon the Motion of Plaintiff John H. Rhodes, Jr., filed October 9, 2008 [3-1], to Remand the above styled and numbered civil action to the Circuit Court of Jackson County, Mississippi. Defendant State Farm Fire & Casualty Company ["State Farm"] filed a Memorandum in Opposition on December 15, 2008 [9-1]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be denied.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff contends that his residence in Ocean Springs, Mississippi, was insured under flood and homeowners policies issued by State Farm. *See* Compl. [1-3], at ¶ 4. Defendant J. W. Webb ["Webb"] was his State Farm insurance agent. *See id.* Plaintiff alleges that his insured premises and contents sustained covered losses during Hurricane Katrina and that he made claims to State Farm for those losses. *See id.* at ¶ 5. He asserts that State Farm denied and/or refused to pay all of his claims for personal property under both the homeowners and the flood policy,

and that State Farm denied that he had personal property coverage under his flood policy. *See id.* Plaintiff also alleges that Webb represented that Plaintiff "would be covered for any damages occasioned by a tropical windstorm under the terms of the policies that were sold to him." *See id.* at ¶ 4.

Plaintiff originally filed this case on August 1, 2008, in the Circuit Court of Jackson County, Mississippi. *See* Compl. [1-3]. State Farm removed the case to this Court on September 25, 2008, alleging original federal question jurisdiction over the claims pursuant to 28 U.S.C. § 1331, and diversity jurisdiction pursuant to 28 U.S.C. § 1332. While there is not complete diversity on the face of the Complaint because Plaintiff and Webb are both Mississippi citizens, State Farm contends that Webb's citizenship should be disregarded for diversity purposes since he was purportedly fraudulently joined. *See* Notice of Removal, at p. 2. Plaintiff filed the present Motion to Remand [3-1] on October 9, 2008.

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States...."

2

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party or parties seeking removal, State Farm in this case, bear the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

State Farm, as the removing party, also bears the burden of demonstrating fraudulent or improper joinder, and this burden is a heavy one. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). Here, there is no allegation or evidence of fraud in pleading jurisdictional facts, so the Court will focus on the second method of establishing improper joinder. Under this method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability

3

on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

*Travis*, 326 F.3d at 648.

"[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*quoting Smallwood*, 385 F.3d at 573).

As stated above, the burden of proof is on the removing party to establish improper joinder. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005). Under this standard, the plaintiff "may not rest upon the mere allegations or denials of [his] pleadings." *Id.* (*quoting Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000)). "In other words, the plaintiff cannot simply rely upon conclusory or generic allegations to survive a properly supported claim of fraudulent joinder." *Id.* (*citing Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000)). "Thus, the district court may 'pierce the pleadings' and consider 'summary judgment-type evidence' (e.g., affidavit and deposition testimony) when inquiring whether a resident defendant has been fraudulently joined." *Id.* (*citing Ross v. Citifinancial, Inc.,* 344 F.3d 458, 461 (5th Cir. 2003)).

> While conducting this inquiry, however, the court must resolve all disputed questions of fact and ambiguities of state law in favor of the non-removing party, *see Ross*, 344 F.3d at 463, "but only when there exists an actual controversy, i.e. when both parties have submitted evidence of contradictory facts." *Badon*, 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that

4

the non-moving party could or would prove the necessary facts" to support its claims against a resident defendant. *Id.* *Jabour*, 362 F. Supp. 2d at 740.

If a court finds, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder and hence no basis for asserting diversity of citizenship jurisdiction." *Id.* (*quoting Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

In this case, State Farm has presented evidence in support of its Memorandum in Opposition to Remand including a Release and related correspondence from Plaintiff's counsel; an Affidavit of J.W. Webb; Renewal Certificates for policy periods November 13, 2003, to November 13, 2004, and November 13, 2004, to November 13, 2005; and the Homeowner's Policy. *See* Release and Correspondence; Aff. of J.W. Webb; Renewal Certificates; and Ins. Policy, attached as Exs. "A," "B," "C," and "D," respectively, to Defs.' Resp. in Opp'n to Mot. to Remand. Plaintiff has not offered any evidence in support of his Motion to Remand, only conclusory statements.

B.  Motion to Remand

In his Motion to Remand, Plaintiff asserts that there is an absence of subject matter jurisdiction. He contends that (1) the terms of his Standard Flood Insurance Policy ["SFIP"] are not at issue, such that this Court does not have original federal

question jurisdiction, and (2) Webb's citizenship cannot be ignored because he was not fraudulently joined, such that this Court lacks diversity jurisdiction. *See* Mot. to Remand, at p. 2.

1. Diversity Jurisdiction

The amount of damages sought in this case are clearly in excess of the $75,000.00 jurisdictional minimum. *See* 28 U.S.C. § 1332(a); Compl., at ¶¶ 10-11 (requesting general damages of $500,000.00 and punitive damages of $100,000.00). The question presented is whether there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a). As the Court has noted, on the face of the Complaint, complete diversity is lacking, as both Plaintiff and Webb are Mississippi citizens. The determinative issue is whether Webb was fraudulently joined to defeat this Court's diversity jurisdiction.

Plaintiff's Complaint does not specifically delineate his claims against Defendants. Giving Plaintiff the benefit of the doubt for purposes of this Motion, the Court construes his Complaint as advancing claims for breach of contract, bad faith, failure to procure, negligence, intentional and/or negligent infliction of emotional distress, and fraudulent and/or negligent misrepresentation. Each of these allegations against Webb will be discussed in turn.

a. Breach of Contract and Bad Faith

As an agent for a disclosed principal, Webb can incur no contractual liability to Plaintiff absent fraud or other equivalent conduct. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740-41 (S.D. Miss. 2005). The record contains

insufficient evidence of fraud by Webb. Furthermore, because Webb was an insurance agent charged with the procurement of insurance, he was not a party to the insurance contract between Plaintiff and State Farm. Under well-established Mississippi law, he is not liable under the contract for the payment of benefits. *See Jenkins v. Farmington Cas. Co.*, 979 F. Supp. 454, 457 (S.D. Miss. 1997) (*citing Patton v. Aetna Ins. Co.*, 595 F. Supp. 533 (N.D. Miss. 1984)).

The Court is mindful that under Mississippi law, "insurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurers, can 'incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.'"[1] *Id.* (*quoting Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991)). However, Plaintiff has not provided sufficient support for any allegation that Webb performed any role in the investigation of his claim or was otherwise involved in the decision to deny benefits, and Plaintiff has not adequately demonstrated "that [Webb] committed any act in the claims evaluation or otherwise which would constitute 'gross negligence, malice, or reckless disregard of the rights of the insured.'" *Id.* Because Webb was not a party to the contract, he had no implied duty of good faith and fair dealing with regard to the performance of the contract and, as such, cannot be held liable under a bad faith theory of recovery. *See Jabour*, 362 F. Supp. 2d at 741. Plaintiff therefore has no possibility of recovery

---

[1] This standard is applicable "to the tort-contract hybrid cause of action for bad faith handling/denial of insurance claims" and is applicable here. *See Williams v. Henson*, 42 F. Supp. 2d 628, 630 (N.D. Miss. 1999).

against Webb for breach of contract or bad faith as a matter of state law.

    b.  <u>Negligence in Failure to Procure Requested Policy Coverage</u>

A claim for an agent's failure to procure insurance sounds in negligence. *See Haggans v. State Farm Fire and Cas. Co.*, 803 So. 2d 1249, 1252 (Miss. Ct. App. 2002). To succeed on such a claim, a plaintiff must prove duty, breach of that duty, causation, and damages by a preponderance of the evidence. *See id.* "Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested." *Perez v. Allstate Ins. Co.*, No. 1:06cv402, 2007 WL 955725, *2 (S.D. Miss. March 28, 2007) (*citing Lovett v. Bradford*, 676 So. 2d 893 (Miss. 1996); *First United Bank of Poplarville v. Reid*, 612 So. 2d 1131 (Miss. 1992); *McKinnon v. Batte*, 485 So. 2d 295 (Miss. 1986)).

In this case, Plaintiff's negligent procurement claim appears to focus on the lack of personal property coverage in his SFIP. *See* Compl., at ¶ 5 (stating that State Farm denied and/or refused to pay all of plaintiff's claims under the flood policy because Defendants stated that Plaintiff had no personal property coverage under his flood policy); *see also* Pl.'s Mot. to Remand, at p. 1; Pl.'s Mem. in Supp. of Mot. to Remand, at pp. 2-3. Plaintiff acknowledges that when the SFIP was first obtained, the house was under construction and no contents coverage was obtained. *See* Compl., at ¶ 4. Plaintiff then states that, when the house was completed, he gave notice that he was living in the house and obtained a homeowner's policy that

8

included contents coverage. *See id.* He contends that he obtained both policies from Webb and renewed them on an annual basis. *See id.* Plaintiff insists that Defendants represented to him that "he would be covered for any damages occasioned by a tropical windstorm under the terms of the policies that were sold to him." *Id.*

The record is devoid of evidence of a request by Plaintiff for Webb to add contents coverage to his SFIP. Webb states under oath in his Affidavit that from November 13, 2002, the date that Plaintiff applied for flood insurance, through August 29, 2005, the date of Hurricane Katrina, he never had any conversations with Plaintiff regarding adding contents coverage to his SFIP. *See* Aff. of J.W. Webb, at ¶ 7, attached as Ex. "B" to Defs.' Resp. in Opp'n to Mot. to Remand. Webb further avers that Plaintiff never asked him to add contents to his SFIP for this property, and that he never told Plaintiff that he would add contents coverage to the SFIP. *See id.*, at ¶¶ 5-6.

Even if Plaintiff had requested that Webb add contents coverage to his SFIP, he would have received a copy of his SFIP. He also received two renewal certificates, for the policy periods November 13, 2003, to November 13, 2004, and November 13, 2004, to November 13, 2005. *See* Renewal Certificates, attached as Ex. "C" to Defs.' Mem. in Opp'n to Mot. to Remand. "Whether [Plaintiff] in fact read the policy or not, as an insured, he is deemed to have knowledge of the contents of an insurance policy." *Haggans*, 803 So. 2d at 1252. As a matter of law, Plaintiff was therefore on notice prior to Hurricane Katrina that his SFIP did not contain

9

contents coverage after the construction was complete. Based upon the record before it, the Court cannot conclude that Webb breached any duty in not procuring the allegedly requested coverage on Plaintiff's house, since he had no reason for procuring such additional coverage while the home was being built. Even if Webb did breach such a duty, the causal connection between the alleged request and Plaintiff's purported damages was broken by the intervening renewal certificates, which clearly reveal that his SFIP did not include contents coverage. *See* Renewal Certificates, attached as Ex. "C" to Defs.' Mem. in Opp'n to Mot. to Remand.

    c.  <u>Intentional and/or Negligent Infliction of Emotional Distress</u>

Under Mississippi law, to succeed on a claim of negligent infliction of emotional distress, a plaintiff must prove "some sort of physical manifestation of injury or demonstrable physical harm." *Wilson v. GMAC*, 883 So. 2d 56, 65 (Miss. 2004) (*citing American Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1209 (Miss. 2001)). To support a claim for intentional infliction of emotional distress, no physical injury need be present so long as the plaintiff can establish that the defendant engaged in malicious, intentional, or outrageous conduct. *See Morrison v. Means*, 680 So. 2d 803, 806 (Miss. 1996)(stating "[i]f there is outrageous conduct, no injury is required for recovery for intentional infliction of emotional distress or mental anguish"); *see also Collums v. Union Planters Bank, NA*, 832 So. 2d 572, 576 (Miss. Ct. App. 2002) (requiring a showing of a deliberate and intentional act for the

purpose of causing harm for a claim of intentional infliction of emotional distress).[2]

There is no evidence in the record establishing any physical injury to Plaintiff, much less physical injury resulting from any conduct on the part of Webb. Nor is there sufficient evidence of malicious, intentional, or outrageous conduct by Webb to support a claim for intentional infliction of emotional distress. Plaintiff cannot support a cause of action against Webb for these claims.

### d. Fraudulent and/or Negligent Misrepresentation

In order to establish a fraudulent misrepresentation, the elements of fraud must be proven by clear and convincing evidence. *See Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999). These elements include: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury. *See id.*

To recover on a cause of action for negligent misrepresentation, Plaintiff must prove by a preponderance of the evidence (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on

---

[2] The Court notes that *University of Southern Mississippi v. Williams*, 891 So. 2d 160, 172-73 (Miss. 2004), alters the standard of proof for mental anguish and emotional distress in breach of contract actions. *See Morris Newspaper Corp. v. Allen*, 932 So. 2d 810, 818-19 (Miss. Ct. App. 2005). Because it is clear to the Court that Plaintiff cannot succeed on his breach of contract claim against Webb, discussed *supra*, the *Williams* holding is inapposite.

11

the misrepresentation or omission; and (5) damages as a direct result of such reasonable reliance. *See id.* at 762 (internal citations omitted).

(1). <u>Purported Misrepresentations Regarding "Tropical Windstorm" Coverage</u>

Plaintiff maintains that Defendants represented to him that "he would be covered for any damages occasioned by a tropical windstorm under the terms of the policies that were sold to him." *See* Compl., at ¶ 4. As the Fifth Circuit Court of Appeals has determined, any claimed reliance by a policyholder upon assertions that all damage caused by a hurricane, including flooding, is covered by a homeowner's policy that excludes flood damage, as in this case, is unreasonable as a matter of law where there is policy language clearly excluding flood damage. *See Leonard v. Nationwide Mutual Ins. Co.*, 499 F.3d 419, 439-40 (5th Cir. 2007); Ins. Policy, at p. 10, attached as Ex. "D" to Defs.' Mem. in Opp'n to Mot. to Remand. Plaintiff cannot base a fraud claim upon alleged misrepresentations that contradict the plain language of the insurance policy.

According to the Fifth Circuit, a policyholder, such as Plaintiff here, has an affirmative duty to read the policy in question. *See id.* (*citing Smith v. Union Nat'l Life Ins. Co.*, 286 F. Supp. 2d 782, 788 (S.D. Miss. 2003); *Gulf Guar. Life Ins. Co. v. Kelley*, 389 So. 2d 920, 922 (Miss. 1980)). "Whether the policy was read or not, however, constructive knowledge of its contents is imputed to the policyholder." *Id.* (*citing Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003) (internal citation omitted)).

Any claimed reliance by Plaintiff upon an alleged representation that he had "full coverage" for any "tropical windstorm" damage was unreasonable as a matter of law, since his policy language clearly excluded flood damage. *See Leonard*, 499 F.3d at 439-40; *see also* Ins. Policy, at p. 10, attached as Ex. "D" to Defs.' Mem. in Opp'n to Mot. to Remand. Therefore, Plaintiff cannot maintain a claim for fraudulent or negligent misrepresentation.

      (2). <u>Purported Misrepresentations Regarding Procurement</u>

As noted above, Plaintiff had an affirmative duty to read the policy in question. *See Leonard*, 499 F.3d at 438 (*citing Smith*, 286 F. Supp. 2d at 788; *Kelley*, 389 So. 2d at 922). Plaintiff has not alleged that the amount of coverage in either the homeowner's policy or the flood policy was misrepresented on the faces of those policies. The Court has already concluded that there is insufficient evidence that Plaintiff asked Webb to add contents coverage to his SFIP after his house was built. Rather, Plaintiff maintains that, when the house was completed, he gave notice that he was living in the house and obtained a homeowner's policy that included contents coverage. *See* Compl., at ¶ 4.

Even if Plaintiff did make such a request for contents coverage as part of his SFIP, he would have received a copy of his SFIP, and he also received two renewal certificates, for the policy periods November 13, 2003, to November 13, 2004, and November 13, 2004, to November 13, 2005. *See* Renewal Certificates, attached as Ex. "C" to Defs.' Mem. in Opp'n to Mot. to Remand. Because Plaintiff is charged with knowledge of the policy's contents, including the coverage, any reliance by

13

Plaintiff on such purported representations regarding the coverage actually procured, which contradict the policy language, was unreasonable as a matter of law. *See Leonard*, 499 F.3d at 438. Plaintiff's SFIP Renewal Certificate clearly reflects that there is only dwelling coverage. *See* Renewal Certificates, attached as Ex. "C" to Defs.' Mem. in Opp'n to Mot. to Remand. Plaintiff cannot maintain a claim for fraudulent or negligent misrepresentation.

Based on the evidence presented, and resolving all disputed questions of fact and ambiguities of law in favor of Plaintiff, as it must, the Court finds that there is not an arguably reasonable basis for predicting that Plaintiff might be able to recover against Webb, the sole in-state defendant. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). State Farm has met its burden of proof in establishing improper joinder. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005). Therefore, there is a basis for asserting diversity of citizenship jurisdiction in this case.

2. Federal Question Jurisdiction

Because the Court has already determined that it has diversity jurisdiction over this case, it need not address the issue of federal question jurisdiction. The Court also notes that Plaintiff has not attempted to articulate a federal claim against Webb. In fact, Plaintiff's Motion to Remand denies that there is federal question jurisdiction in this case. *See* Mot. to Remand, at pp. 1-2. As such, Webb's dismissal would not affect any federal claims presented in this case.

III. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiffs' Motion to Remand must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [3-1] the above styled and numbered cause to state court, filed October 9, 2008, should be, and is, hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendant J.W. Webb, are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED,** this the 4th day of March, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE